UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARTEM VASKANYAN,

        Petitioner,

v.                                                                                     25-CV-295 (JLS)

STEVE KURZDORFER, in his official
capacity as Acting Field Office Director,
Buffalo Field Office, Enforcement and
Removal Operations, U.S. Immigration
and Customs Enforcement, U.S.
Department of Homeland Security,
JOSEPH FREDEN, in his official
capacity as Warden, Buffalo Federal
Detention Facility, KRISTI NOEM,
Secretary of the Department of Homeland
Security, U.S. DEPARTMENT OF
HOMELAND SECURITY, and U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Respondents.[1]

---

### DECISION AND ORDER

    Petitioner Arten Vaskanyan, a designated citizen of Azerbaijan,[2] commenced this habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued detention in the custody of the Department of Homeland Security ("DHS"). See Dkt. 1. For the below reasons, Vaskanyan's petition is dismissed.

---

[1] Steve Kurzdorfer is substituted for Thomas Brophy and Joseph Freden is substituted for Michael Ball pursuant to Fed. R. Civ. P. 25(d). See Dkt. 7, at 1.

[2] An immigration judge designated Vaskanyan as a citizen of Azerbaijan on February 9, 2012. Dkt. 7-1, at 2.

## BACKGROUND

Vaskanyan's order of removal became administratively final on May 27, 2012, when his time to appeal lapsed. Dkt. 7-2, at 2.[3] But his removal period started on November 12, 2024, when the Massachusetts Department of Corrections released him from custody and DHS detained him. *Id.* at 3; Dkt. 7-1, at 2. He remains in DHS's custody at the Buffalo Federal Detention Facility in Batavia, New York, pending his removal from the United States. Dkt. 7-1, at 4.

Vaskanyan commenced this proceeding on April 2, 2025. Dkt. 1. Respondents moved to dismiss on April 22, 2025. Dkt. 7. Vaskanyan responded (Dkt. 8), and Respondents replied. Dkt. 9. Because Vaskanyan's detention is lawful under section 1231, the petition must be dismissed.

## DISCUSSION

### I. Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, only circuit courts have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . ,

---

[3] Page references to docket entries are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

which circuit courts alone can consider."). District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Vaskanyan asks the Court to review the length of his detention—a request that falls within this Court's limited jurisdiction over immigration matters.

## II. Vaskanyan's Detention is Lawful under Section 1231

The Court concludes that 8 U.S.C. § 1231 governs Vaskanyan's detention because: (1) he is subject to a final order of removal, and (2) has not obtained a stay of removal from the Second Circuit.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from the United States following the entry of a final order of deportation or removal. *Id.* § 1231(a)(1)(A). The removal period begins at the latest of the following events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory. *Id.* § 1231(a)(2). After this removal period is over, detention is discretionary; an alien

may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After six months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.* An alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Vaskanyan's order of removal became administratively final on May 27, 2012, when his time to appeal lapsed. *See* 8 C.F.R. § 1241.1(c); Dkt. 7-2, at 2. His removal period, however, did not start until the Massachusetts Department of Corrections released him from custody and DHS detained him on November 12, 2024. 8 U.S.C. § 1231(a)(1)(B)(iii); Dkt. 7-1, at 2; Dkt. 7-2, at 3. The ninety-day removal period under the statute expired on January 10, 2024. The six-month "presumptively reasonable" period under *Zadvydas* expired on May 12, 2025. Dkt. 7-2, at 6. Vaskanyan has been detained—under Section 1231—for approximately six months.

Here, the presumptively-reasonable six-month period expired less than two weeks ago. But federal courts generally hold that "the six-month post-removal

4

period 'must have expired at the time [the detainee's] 2241 petition was filed in order to state a claim under *Zadvydas*.'" *Placide v. Holder*, No. 15-cv-30035-MAP, 2015 U.S. Dist. LEXIS 42188, at *5–6 (D. Mass. Mar. 6, 2015) (citation omitted); *see also Jaryee v. Dist. Dir. for Immigr. Custom Enf't*, No. 1:CV-14-0676, 2014 U.S. Dist. LEXIS 68941, at *4–5 (M.D. Pa. May 20, 2014). And this Court has previously ruled in line with these cases. *See Dao v. Bondi*, No. 25-CV-5 (JLS), 2025 U.S. Dist. LEXIS 65380 (W.D.N.Y. Mar. 26, 2025). Accordingly, because Vaskanyan filed his petition before the period lapsed, his petition is premature. *See Gomez v. Whitaker*, No. 6:18-CV-06900-MAT, 2019 WL 4941865, at *1, 5 (W.D.N.Y. Oct. 8, 2019) (dismissing petitioner's *Zadvydas* claim as premature, where the petition was filed before the six-month period lapsed, but the court's decision was signed after that period).

## CONCLUSION

For these reasons, Vaskanyan's petition (Dkt. 1) is DISMISSED without prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:    May 22, 2025
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE